UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY BERNARD GREEN,<br>          Petitioner,<br>v.<br>UNITED STATES OF AMERICA,<br>          Respondent. | Criminal Case No. 18-cr-2249-AJB-1<br>Civil Case No. 20-cv-00632-AJB<br><br>**ORDER:**<br><br>**(1) GRANTING PETITIONER'S MOTION FOR RECONSIDERATION, (Doc. No. 88); AND**<br><br>**(2) GRANTING PETITIONER'S MOTION FOR EXTENSION OF TIME, (Doc. No. 101)** |

   This matter arises out of Petitioner Corey Bernard Green's ("Green") 28 U.S. Code § 2255 motion to vacate, set aside, or correct sentence. (Doc. No. 61.) Presently before the Court is (1) Green's motion for reconsideration of the Court's August 24, 2020 Order Finding Waiver of Attorney-Client Privilege and Compelling Disclosure, (Doc. No. 88); and (2) Green's motion for extension of time, (Doc. No. 101). The Court held a hearing on Green's motion for reconsideration on November 2, 2020. (Doc. No. 97.) Confirming the Court's order at the hearing, the Court **GRANTS IN PART** Green's motion for reconsideration. Furthermore, the Court **GRANTS** Green's motion for extension of time.

## I. BACKGROUND

On April 1, 2020, Green filed a § 2255 Petition to vacate her 151-month sentence for distribution of fentanyl resulting in death. (Doc. No. 61.) In her Petition, Green argues she was provided ineffective assistance of counsel by Elizabeth Barros, Caitlin Howard, and Federal Defenders, Inc. during the plea negotiation process. Green alleges she was coerced into the plea, and her counsel gave erroneous advice. (*Id.* at 4.) The Court set a briefing schedule and ordered the Government to respond. (Doc. No. 62.) On July 6, 2020, the Government filed a motion to compel waiver of the attorney-client privilege, and compel disclosure associated with the waiver. (Doc. No. 67-1.) The Government noted that the waiver it is seeking "is not unlimited, and the Court should grant the waiver only as to the issues raised by Defendant in his or her habeas petition." (*Id.* at 3.) In addition, the Government sought "all communications in whatever form, including but not limited to: any writings, memos, notes to the file, billing records, emails, letters, documents, records, and or similar materials concerning events and facts related to Defendant's claims of ineffective assistance of counsel," (*id.* at 4), and "a declaration addressing all communications with Defendant related to the ineffective assistance of counsel claims raised in Defendant's habeas petition." (*Id.*)

On July 20, 2020, Green filed a motion to appoint counsel and opposition to the Government's proposed order regarding the attorney-client privilege. (Doc. No. 74.) Green sought appointment of counsel for the limited purpose of: (1) advising Green on whether she wishes to waive her attorney-client privilege; and (2) assisting Green in litigating the proper scope of any waiver and related discovery issues. (Doc. No. 74 at 2.) On July 21, 2020, the Court granted Green's motion for appointment of independent counsel, and appointed CJA attorney David Zugman. (Doc. Nos. 75, 76.)

On August 20, 2020, CJA attorney Zugman filed a status report, and stated he believes "Green understands that to the extent her claim is that the advice she received constituted coercion and ineffective assistance of counsel, she waives her privilege with

respect to those communications." (Doc. No. 81 at 2.) Zugman also apprised that he was "in the process of providing the discovery materials that are not covered by the protective order to Green." (*Id.*) Zugman also added that he did not believe that Green was interested in his advice. (*Id.*)

On August 24, 2020, the Court found that Green's attorney-client privilege was waived only "with respect to all communications between Defendant and [her] attorneys Elizabeth Barros, Caitlin Howard and Federal Defenders, Inc. . . . concerning events and facts related to Defendant's claims of ineffective assistance of counsel in the above-referenced cases." (Doc. No. 82 at 1.) The Court also granted the Government's motion to compel discovery, and directed Elizabeth Barros, Caitlin Howard, and Federal Defenders, Inc. to disclose all communications between Green and Federal Defendants concerning the events and facts related to Green's claims of ineffective assistance of counsel. (*Id.* at 2.) Lastly, the Court ordered that Federal Defenders provide the Government with a declaration addressing all communications with Green that relate to the ineffective assistance of counsel claims on or before September 14, 2020. (*Id.*)

On September 30, 2020, Elizabeth M. Barros and Caitlin E. Howard of Federal Defenders filed a motion for reconsideration. Federal Defenders argues it has a duty to refuse the United States' overbroad request. Federal Defenders also argue the Court should reconsider its disclosure order because the Government has not provided good cause for its request and has failed to provide specific reasons why the disclosure is necessary. (Doc. No. 88 at 8.) Federal Defenders also assert that "regardless of whether some discovery is appropriate, no authority exists to order undersigned counsel to provide declarations." (*Id.* at 88 at 9.) The Government opposed the motion, arguing that "[t]he discovery being requested will shed light on the communication between Defendant Green and [her] attorneys Barros and Howard." (Doc. No. 91 at 2.) Zugman also filed a response, stating "Green would ask that Federal Defenders' request be honored such that Federal Defenders be required to disclose their notes at a testimonial hearing. This route would satisfy the

ethical concerns of Federal Defenders and gives the United States access to attorney-client notes." (Doc. No. 92 at 4.) Zugman also filed a motion to withdraw as counsel and to appoint successor counsel, stating that Green has unequivocally asked Zugman to withdraw as Green believes "Counsel has damaged her case by waiving matters beyond the waiver that she authorized." (Doc. No. 94 at 2.)

The Court held a hearing on Green's motion for reconsideration, and attorney Zugman's motion to withdraw as counsel on November 2, 2020. (Doc. No. 97.) In addition to granting Green's motion for reconsideration in part, the Court allowed Zugman to withdraw from the case, and appointed CJA attorney David Baker ("Baker") to serve as counsel for Green. (*Id.*) The Court set a status hearing to confirm Baker's appointment on November 9, 2020. At the November 9, 2020 status hearing, Baker confirmed appointment as counsel, and the Court ordered that records reflecting communications relevant for Green's ineffective assistance of counsel claim be lodged for the Court's in-camera review by November 30, 2020. The Court set a status hearing for December 14, 2020 at 3:00 PM. The Court also set an evidentiary hearing for January 22, 2020 at 09:00 AM and ordered the Government to issue writ to have defendant transferred to Southern District of California as soon as possible. On November 30, 2020, Green filed a motion for extension of time to lodge the records for the Court's in-camera review.

## II. DISCUSSION

### A. Motion for Reconsideration

To confirm the Court's order at the November 2, 2020 hearing, the Court **GRANTS IN PART** Green's motion for reconsideration. First, it is undisputed that "all agree that Green must waive the attorney-client privilege at least with respect to the specific advice that is claimed to be ineffective." (Doc. No. 92 at 2.) However, because of the nature of the instant case, particularly the issues raised by Federal Defenders, the interests of justice favor holding an evidentiary hearing as a Court-supervised forum for Federal Defenders to testify and disclose their privileged communications with Green. Indeed, Section 2255

4

requires that the district court grant a petitioner's motion to hold an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see U.S. v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989). Here, there is a genuine dispute over the scope of the Government's disclosure request. The Government's opposition brief does not provide much objection, other than to broadly reassert that they are entitled to communications to further defend against the § 2255 Petition. As such, the Court **GRANTS IN PART** Green's motion for reconsideration to the extent she seeks for disclosure be provided in a court-supervised forum instead of written discovery. This will provide the Government with the evidence it needs to respond to the § 2255 Petition. Because it is undisputed that Green must waive the attorney-client privilege, that portion of the disclosure order may remain unchanged.

### B.     Motion for Extension of Time

The Court originally set a November 30, 2020 deadline for Green to lodge with the Court records pertaining to communications relevant to Green's ineffective assistance of counsel claim. (Doc. No. 98.) Specifically, the documents to be lodged should include all communications between Green and her prior attorneys Elizabeth Barros, Caitlin Howard, and Federal Defenders, Inc. concerning the events and facts related to Green's claims of ineffective assistance of counsel. Attorney Baker for Green moves for an extension of time to December 15, 2020 to lodge records for the Court's in-camera review. (Doc. No. 101.) As the ground for the motion, counsel states he has "worked to communicate with Defendant. Counsel has communicated with Ms. Green via E-mail. To date we have been unsuccessful in having phone interviews." (Declaration of David Baker, Doc. No. 101 at 4.) Baker further declares, "[a]fter reviewing all documents it is clear we [cannot] file lodgment without first having extensive interviews with Ms. Green. An extension, through and including December 15, 2020, is necessary to communicate with Ms. Green." (*Id.*) Thus, upon review of Green's request, and good cause appearing, the Court **GRANTS** Green's motion for an extension of time.

1  Additionally, attorney Baker seeks clarification on the scope of representation. (*Id.*)
2  The Court clarifies that Baker is to serve as counsel for Green for the purpose of (1)
3  litigating the proper scope of the waiver of attorney-client privilege, (2) addressing any
4  related discovery issues, (3) representing Green at the evidentiary hearing, and (4) drafting
5  a reply brief in support of Green's § 2255 Petition. Also, Baker seeks clarification as to
6  whether he is ordered to lodge the relevant documents. The Court confirms Baker is to
7  lodge the documents directly with the Court, via the Court's efile email account at
8  efile_battaglia@casd.uscourts.gov.

## III. CONCLUSION

Based on the foregoing, the Court: (1) **GRANTS IN PART** Green's motion for reconsideration, (Doc. No. 88), and (2) **GRANTS** Green's motion for extension of time, and must lodge the requested documents by December 15, 2020. (Doc. No. 101). Federal defenders have already culled the responsive documents and so there should be no further need to extend these dates and deadlines. In light of the change in deadline for Green to lodge documents with the Court, the Court **CONTINUES** the status hearing set for December 14, 2020 to **January 11, 2021 at 3:00 PM**.

The evidentiary hearing date is confirmed, and government counsel must commence arrangements to transfer Ms. Green to this district for the hearing and with recognition of travel circumstances and quarantines required by the COVID-19 pandemic.

**IT IS SO ORDERED.**

Dated:  December 4, 2020

Hon. Anthony J. Battaglia
United States District Judge